CHARLES LEE SHIRK, BY BLANCHE SHIRK, HIS NEXT FRIEND, AND BLANCHE SHIRK, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. AUSTIN S. WALTERS, DEFENDANT-RESPONDENT.

Argued May 5, 1948—Decided June 21, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiffs-appellants, *Francis M. Seaman.*

For the defendant-respondent, *Coult & Satz (Joseph Coult).*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal is by the plaintiffs from a judgment for the defendant following a jury verdict of no cause of action. The suit is for damages arising out of a collision between an automobile owned and driven by the defendant and a motorcycle operated by the twenty-year-old plaintiff Charles Lee Shirk and owned by the latter's mother and co-plaintiff, Blanche Shirk. The appeal is upon the grounds that the trial court abused its discretion in refusing to grant a rule to show cause why the verdict should not be set aside and in refusing to grant a new trial, and that the court further erred in denying certain requests to charge.

The denial of the rule and the refusal to grant a new trial constitute a single element. The question thereon is whether there was an abuse of discretion, *Delaware, Lackawanna and Western Railroad Co.* v. *Nevelle,* 51 *N. J. L.* 332; and it is only when the refusal becomes a shock to reason and justice that such an abuse of discretion may be said to exist, *Nelson* v. *Eastern Air Lines, Inc.,* 128 *Id.* 46, 58.

The alleged abuse of discretion is rested upon the assertion that the verdict was so contrary to the clear weight of evidence and the law as to indicate that it was the result of mistake, passion, bias and prejudice. An examination of the transcript brings us to the conclusion that the verdict is consistent with findings of fact which could be made, and which the jury apparently did make, from the proofs. The defendant testified that he completely stopped at a cross street because of a cautionary traffic light; that, as he started to move, the youth on his motorcycle came out of a driveway on the cross street, "made a sort of diagonal turn" and proceeded about twenty or twenty-five feet ahead of, and on the same street as, the defendant; that the motorcycle, however, was traveling on the macadam shoulder at the extreme right of the roadway whereas the defendant's car was completely on the right concrete lane, the two vehicles traveling at about the same speed with three or four feet between the parallel lines upon which they were moving; that when another cross street was reached the young man, without giving any signal whatever, turned sharply to the left and so quickly that the

defendant did not see the actual turn but was suddenly confronted with the motorcycle broadside in front of him; that in the effort to escape collision defendant veered to the left but in some way separated the motorcycle from the rider, the one being on one side, and the other on the other side, of the car.

Appellants call attention to features of that recital which are said to demonstrate the untruthfulness of the story and the negligence of the narrator. We shall mention only a particularly emphasized incident, namely, that the defendant did not see the motorcycle make the turn although he says he was driving carefully—"I saw him in front of me all the way down Harrison Avenue, and suddenly the car was in front of me, broadside to me, I mean the motorcycle." The speed with which a movement of the body and a twist of the handle bar may change the direction of a motorcycle is common knowledge with all who have occasion to ride or observe the progress of those two-wheeled vehicles. The presence of the motorcycle was only one of several hazards which called for care from the defendant and could scarcely be given his undivided attention; among others were the potentialities of traffic at the street intersection. There was, of course, as to this incident and other incidents need for the functioning of a fact-finding body to decide just where the truth lay in the conflicting testimony of the witnesses. The jury were there for that purpose, and they had, we think, adequate and rational grounds for the conclusion which they reached. *Cascone* v. *Hendrickson*, 8 *N. J. Mis. R.* 229.

We conclude that the rulings complained of were not erroneous.

Appellants' next point is that the trial court refused to charge the plaintiffs' requests numbered three to eight inclusive. All of those requests, except the fourth, were of abstract principles of law, unapplied to the facts of the case. The fourth request was:

"4. If you find that the plaintiff, Charles Lee Shirk, gave the statutory signal of intention to turn to the left on Fells Road, it was the duty of the defendant to use reasonable care to so control his car as not to injure him by slowing up or

passing to the rear, their rights being correlative, the plaintiff having the right to turn into Fells Road, using reasonable care in so doing and the defendant having the right to pass him exercising reasonable care and observation, and incidentally observing the law of the road if he could do so reasonably under the circumstances to avoid a collision."

The trial judge charged the jury that they were confronted by two definite and divergent theories as to how the accident happened, recounted in detail and unexceptionally the two presentations and directed that their first duty was to determine the facts. He further charged that it was the duty of an operator of a vehicle upon a highway to have his vehicle under such reasonable control as a reasonably careful and prudent person would under all the circumstances of the case and that a driver who fails to observe the degree of care required of him under the circumstances is negligent. He proceeded to read to the jury some of the provisions of the state traffic law, charging them, however, that a violation of the provisions of that traffic act does not necessarily constitute negligence or contributory negligence; that such a violation, if there was one, is a circumstance which may be considered by the jury along with all the other facts and circumstances in the case in determining whether there was actionable negligence or contributory negligence proved. Some of the statutory provisions read to the jury were that the driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance at the left thereof and shall not again drive at the right side of the highway until safely clear of such overtaken vehicle; that the driver of an "overtaken" (overtaking?) motor vehicle not within a business or residence district shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction; that the driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such preceding vehicle and the traffic upon, and condition of, the highway; that any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater or less than is

reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing, and that no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person; that except as otherwise provided in the statute the driver of a vehicle intending to turn to the left shall approach such intersection in a lane for traffic to the right of and nearest to the center line of the highway, and in turning left shall pass immediately to the left of the center of the intersection, passing as closely as shall be practicable to the left of the center of the intersection; that before turning from a direct line the driver of any vehicle on a highway shall first see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in the statute, plainly visible to the driver of such other vehicle, of the intention to make such movement; and that the provision with regard to a left-hand turn is that the index finger shall be pointed to the left to indicate to drivers of vehicles behind that the driver intends to turn in that direction.

The request seems to present the confusing exigency, which we are sure it was not the purpose of counsel to suggest, of injuring the motorcycle rider by "slowing up or passing to the rear." It does not take into account the controverted question, which was a circumstance along with all the other facts and circumstances in the case to be weighed and appraised by the jury in determining negligence, of whether the plaintiff had observed the statutory injunction (*R. S.* 39:4–123) that one who intends to turn to the left at an intersection shall approach the same in the lane for traffic to the right of and nearest to the center line of the highway; and herein the request diverges from a legally sound instruction given to the jury in the charge. The trial judge was not required to charge what the law would be if certain isolated facts constituted the entire case. *Consolidated Traction Co. v. Behr*, 59 *N. J. L.* 477.

The court's charge reasonably instructed the jury on so much of plaintiffs' request as was soundly stated and was

material to the issue. There was no prejudicial error in the denial.

We have examined the remaining requests, find no error in their rejection and deem it unnecessary to specify them here. They were, as we have said, statements of what purported to be general and abstract principles of law; they fail to take into account the essential features of the concrete case. *McCullom* v. *Atlantic City and Shore Railroad*, 77 *N. J. L.* 603. The instructions actually given to the jury laid down an accurate statement of the governing legal principles. When that is done it is discretionary with the judge whether amplification shall be given to particular aspects singled out by the party for special mention and emphasis. *Williams* v. *Guerreri*, 136 *Id.* 60.

The judgment below is affirmed.